No. 22,606.

LUCIA S. VAIL, *Appellee*, v. THE MARSHALL MOTOR COMPANY, and THE PACKARD-WICHITA MOTOR COMPANY, *Appellants.*

No. 22,657.

WALTER SCOTT VAIL, by W. C. VAIL, his Guardian and next Friend, *Appellee*, v. THE MARSHALL MOTOR COMPANY, and THE PACKARD-WICHITA MOTOR COMPANY, *Appellants.*

### SYLLABUS BY THE COURT.

1. AUTOMOBILE ACCIDENT. The rule of *Howard v. Motor Co.*, 106 Kan. 775, 190 Pac. 11, followed.

2. SAME—*Automobile Negligently Driven by Employee—Liability of Employer—Evidence.* The evidence examined, and held to be sufficient to support the findings and verdict of the jury to the effect that the driver of the automobile which caused injury to the plaintiffs, was engaged in the service of the defendants at the time, and that the injuries were sustained through the culpable negligence of the defendants.

Appeals from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed July 10, 1920. Affirmed.

*Fred Stanley, Claude C. Stanley, Benjamin F. Hegler, George Siefkin,* and *Forrest Siefkin,* all of Wichita, for the appellants.

*C. A. Matson,* and *I. H. Stearns,* both of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: These appeals bring up for review two judgments rendered against the defendants for personal injuries sustained by plaintiffs through the negligence of defendants.

The assignments of error made by defendants raise substantially the questions that were presented here in the case of *Howard v. Motor Co.*, which were determined at the May session of the court. (106 Kan. 775, 190 Pac. 11.) As the result of a collision of two automobiles, one of which was driven by an employee and agent of the defendants, Lucia S. Vail and Walter Scott Vail, as well as Fanny Howard, were severely in-

jured. It was alleged that the accident and injuries resulted from driving this car at an unlawful rate of speed and in such a way as to constitute reckless and wanton negligence. The plaintiffs in these cases were near together upon the sidewalk when the collision occurred and when one of the colliding cars was thrown with great force upon the sidewalk and against the plaintiffs. The testimony as to the agency of Miller, who was driving one of the cars, and as to the circumstances of the injuries, was substantially the same in these cases as in the one already determined. The errors assigned in the instant cases are those that were urged in the Howard case. A repetition of the objections made and of the reasons for overruling them would serve no good purpose. The evidence is deemed to be sufficient to sustain the finding that Miller, the driver, was engaged in the service of his employers when the accident occurred and the injuries were inflicted. Defendants renew their attack upon the plaintiff's evidence and point out inconsistencies in it and portions of it that seem to them to be unreasonable and incredible, but these are matters which were properly left to and have been determined by the jury. The testimony of Miller, upon which the verdicts largely rest, is of itself sufficient to sustain the verdicts.

We have examined all the evidence and have no hesitation in holding that the findings and verdicts are sufficiently supported by the evidence.

The judgments in both cases are affirmed.